IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

FILED
MAY - 8 2007
U.S. DISTRICT COURT

UNITED STATES OF AMERICA,
Plaintiff,
v.                                    Criminal Action No. 1:06CR67

CHARLES RAYMOND WABLE,
Defendant.

## REPORT AND RECOMMENDATION/OPINION

This matter has been referred to the undersigned Magistrate Judge by the District Court for purposes of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11. Defendant, Charles Raymond Wable, in person and by counsel, L. Richard Walker, appeared before me on May 1, 2007. The Government appeared by David E. Godwin, its Assistant United States Attorney.

Thereupon, the Court proceeded with the Rule 11 proceeding by asking Defendant's counsel what Defendant's anticipated plea would be. Counsel responded that Defendant would enter a plea of "Guilty" to Count Eleven of the Indictment. The Court then determined that Defendant's plea was pursuant to a written plea agreement, and asked the Government to tender the original to the Court. The Court then asked counsel for the Government to summarize the written Plea Agreement. Counsel for Defendant stated that the Government's summary of the Plea Agreement was correct. The Court ORDERED the written Plea Agreement filed.

Thereupon, the Court proceeded with the Rule 11 proceeding by first placing Defendant under oath, and thereafter inquiring of Defendant as to his understanding of his right to have an Article III Judge hear his plea and his willingness to waive that right, and instead have a Magistrate Judge hear his plea. Defendant thereafter stated in open court that he voluntarily waived his right to have an Article III Judge hear his plea and voluntarily consented to the undersigned Magistrate Judge hearing his plea, and tendered to the Court a written Waiver of Article III Judge and Consent

To Enter Guilty Plea Before Magistrate Judge, which waiver and consent was signed by Defendant and countersigned by Defendant's counsel and was concurred in by the signature of the Assistant United States Attorney appearing.

Upon consideration of the sworn testimony of Defendant, as well as the representations of his counsel and the representations of the Government, the Court finds that the oral and written waiver of Article III Judge and consent to enter guilty plea before a Magistrate Judge was freely and voluntarily given and the written waiver and consent was freely and voluntarily executed by Defendant, Charles Raymond Wable, only after having had his rights fully explained to him and having a full understanding of those rights through consultation with his counsel, as well as through questioning by the Court.

The Court **ORDERED** the written Waiver and Consent to Enter Guilty Plea before a Magistrate Judge filed and made part of the record.

The undersigned then inquired of Defendant regarding his understanding of the written plea agreement. Defendant stated he understood the terms of the written plea agreement and also stated that it contained the whole of his agreement with the Government and no promises or representations were made to him by the Government other than those terms contained in the written plea agreement.

The undersigned then reviewed with Defendant Count Eleven of the Indictment, the statutory penalties applicable to an individual adjudicated guilty of the felony charge contained in Count Eleven of the Indictment, the impact of the sentencing guidelines on sentencing in general, and inquired of Defendant as to his competency to proceed with the plea hearing. From said review the undersigned Magistrate Judge determined Defendant understood the nature of the charge pending against him and understood the possible statutory maximum sentence which could be imposed upon

2

conviction or adjudication of guilty on that charge was imprisonment for a term of not more than twenty (20) years; a maximum fine of $1,000,000.00; understood that both fine and imprisonment could be imposed; and understood he would be subject to a period of at least three (3) years of supervised release. Defendant also understood the Court would impose a special mandatory assessment of $100.00 for the felony conviction payable on or before the date of sentencing, but understood that arrangements might be made for him to pay that assessment. He also understood he might be required by the Court to pay the costs of his incarceration and supervised release.

The undersigned Magistrate Judge further examined Defendant relative to his knowledgeable and voluntary execution of the written plea bargain agreement dated April 12, 2007, and signed by him on April 20, 2007, and determined the entry into said written plea bargain agreement was both knowledgeable and voluntary on the part of Defendant.

The undersigned Magistrate Judge further inquired of Defendant, his counsel, and the Government as to the United States' agreement regarding dismissal of other charges, and determined that Defendant understood that after his sentencing on Count 11, the United States would move to dismiss the remaining counts against him in the Indictment, as well as the charge of being a prohibited person in possession of a firearm as alleged in Case No. 1:06cr85.

The undersigned Magistrate Judge further inquired of Defendant, his counsel, and the Government as to Paragraph 6 of the written agreement, regarding Sentencing, and determined Defendant and the United States understood and agreed, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, that the appropriate sentence in this case is incarceration for 188 months and that the Court, should it accept this binding plea agreement, will not have the discretion to sentence Defendant to more or less than 188 months. Defendant also understood the sentencing

factors, as stated in Paragraph 6.A.1., that were considered in determining the appropriate sentence of 188 months.

The undersigned also inquired, and determined that Defendant understood that he agreed to the forfeiture of property described in Paragraph 7.A., and the procedures for forfeiture as agreed to in Paragraphs 7.B., 7.C., and 7.D.

Notwithstanding all of the above, Defendant understood, with respect to the plea bargain agreement and to Defendant's entry of a plea of guilty to the felony charge contained in Count Eleven of the Indictment, the undersigned Magistrate Judge would write the subject Report and Recommendation and tender the same to the District Court Judge, and the undersigned would further order a pre-sentence investigation report be prepared by the probation officer attending the District Court, and only after the District Court had an opportunity to review the subject Report and Recommendation, as well as the pre-sentence investigation report, would the District Court make a determination as to whether to accept or reject Defendant's plea of guilty and the binding plea agreement.

The undersigned Magistrate Judge further advised Defendant, in accord with Federal Rule of Criminal Procedure 11, in the event the District Court Judge rejected Defendant's plea of guilty or the binding plea agreement, Defendant would be permitted to withdraw his plea and proceed to trial. Further, under those circumstances, the government would also have the right to void the agreement. However, Defendant was further advised if the District Court Judge accepted the binding plea agreement, Defendant would not be permitted to withdraw his guilty plea. Defendant and his counsel each acknowledged their understanding and Defendant maintained his desire to have his plea of guilty accepted.

The undersigned Magistrate Judge further examined Defendant with regard to his understanding that he had waived his right to appeal or collaterally attack any sentence of 188 months of incarceration on any ground whatsoever, and determined he understood those rights and voluntarily gave them up as part of the plea agreement.

The undersigned Magistrate Judge further cautioned and examined Defendant under oath concerning all matters mentioned in Rule 11.

The undersigned then reviewed with Defendant Count Eleven of the Indictment, including the elements the United States would have to prove at trial, charging him with possessing cocaine with the intent to distribute, in violation of Title 21, United States Code, Sections 841(a)(1), and 841(b)(1)(C).

The Court then received the sworn testimony of Harrison County Sheriff's Deputy Tim Ankrom. Deputy Ankrom testified that he is assigned to the Harrison/Lewis County Drug Task Force, and had participated in the investigation of the case against Defendant. On June 19, 2006, Deputy Ankrom and West Virginia State Trooper John Smith contacted a confidential informant ("CI") who then bought an "8-ball" of cocaine from Defendant's co-defendant Crystal Martin for $230.00. The CI also gave Martin additional money for a previous drug debt. Surveillance of Martin showed that she had left the residence she shared with Defendant before the drug transaction and then returned to that residence. Deputy Ankrom and Tpr. Smith then sought a search warrant from Harrison County Circuit Judge Bedell, which was issued. The search warrant was executed later on the 19th at Defendant's and Martin's residence. Pursuant to the search the officers seized 59.9 grams of cocaine in the basement area of the residence. The officers also found a handgun in Martin's

automobile and $3,138.00 in a pair of pants that were alleged to be Defendant's, as well as scales of the type used for weighing drugs.

Deputy Ankrom testified that Defendant and Martin had worked together on other occasions to distribute cocaine.

Defendant then testified that he heard, understood, and agreed with Deputy Ankrom's testimony. Thereupon, Defendant, Charles Raymond Wable, with the consent of his counsel, L. Richard Walker, proceeded to enter a verbal plea of **GUILTY** to the felony charge contained in Count Eleven of the Indictment.

From the testimony of Deputy Ankrom, the undersigned Magistrate Judge concludes the offense charged in Count Eleven of the Indictment is supported by an independent basis in fact concerning each of the essential elements of such offense.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant is fully competent and capable of entering an informed plea; Defendant is aware of and understood his right to have an Article III Judge hear his plea and elected to voluntarily consent to the undersigned United States Magistrate Judge hearing his plea; Defendant understood the charges against him; Defendant understood the consequences of his plea of guilty; Defendant understood that the 188 months sentence agreed to in the binding plea agreement is within the statutory maximum; Defendant made a knowing and voluntary plea; and Defendant's plea is supported by the testimony of Deputy Ankrom.

The undersigned United States Magistrate Judge therefore recommends Defendant's plea of guilty to the felony charge contained in Count 11 of the Indictment herein be accepted conditioned upon the Court's receipt and review of this Report and Recommendation and a Pre-Sentence

Investigation Report, and that the Defendant be adjudged guilty on said charge as contained in Count 11 of the Indictment and be sentenced pursuant to the binding agreement.

The undersigned further directs that a pre-sentence investigation report be prepared by the adult probation officer assigned to this case.

Any party may, within ten (10) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, Chief United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such report and recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

Defendant is continued in the custody of the United States Marshal pending further proceedings in this matter.

The Clerk of the Court is directed to send a copy of this Report and Recommendation to counsel of record.

Respectfully submitted this 7 day of May, 2007.

*/s/ John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE