```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

   **v.**                              **CRIMINAL NO. 1:06CR67-1**
                                                     **(Judge Keeley)**

**CHARLES RAYMOND WABLE,**

        **Defendant.**

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S
PRO SE MOTION FOR REDUCTION IN SENTENCE [DKT. NO. 337]**

On December 17, 2020, the Court received a letter from the defendant, Charles Raymond Wable ("Wable"), which it construed as a pro se motion for a reduction in sentence (Dkt. No. 337). For the reasons that follow, the Court **DENIES** Wable's motion.

On May 1, 2007, Wable pleaded guilty to possessing cocaine with the intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Dkt. No. 140). On September 4, 2007, the Court accepted Wable's guilty plea and sentenced him to 188 months of imprisonment, with three years of supervised release to follow (Dkt. No. 160). On May 22, 2015, pursuant to 18 U.S.C. § 3582(c)(2), the Court reduced Wable's sentence to 151 months of imprisonment (Dkt. No. 238).

After Wable was released from prison, on October 24, 2019, the Court issued a warrant for his arrest based on thirteen alleged violations of his conditions of supervised release (the "first 12C petition") (Dkt. No. 253). Thereafter, on December 3, 2019, the Court received a subsequent report regarding Wable's conduct on

**USA V. WABLE**                                                          **1:06CR67-1**

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S
PRO SE MOTION FOR REDUCTION IN SENTENCE [DKT. NO. 337]**

supervision, which alleged that he had been arrested by the Harrison County Sheriff's Department on November 1, 2019, for violating West Virginia law (Dkt. No. 256).

The Court's arrest warrant was not executed until January 9, 2020 (Dkt. No. 265). During a final revocation hearing held on April 17, 2020, Wable admitted that he had violated the standard, mandatory, and special conditions of his supervised release specified in the first 12C petition (Dkt. No. 275). The Court then sentenced him to a term of imprisonment of time served, with thirty-one months of supervised release to follow (Dkt. No. 275).

Thereafter, on September 25, 2020, the Court issued a second arrest warrant for Wable based on his alleged possession of an assault-type rifle with a loaded high capacity magazine (the "second 12C petition") (Dkt. No. 283). Wable was arrested the same day (Dkt. No. 297).

On November 10, 2020, November 20, 2020, and December 11, 2020, the Court held hearings on Wable's supervised release violations, during which it considered contested evidence related to his alleged possession of the assault-type rifle and loaded high capacity magazine. The Court also reviewed transcripts of jail calls made by Wable that tended to show his attempt to deflect blame for his unlawful possession of a firearm from himself to the

2

**USA V. WABLE**                                                             **1:06CR67-1**

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S
PRO SE MOTION FOR REDUCTION IN SENTENCE [DKT. NO. 337]**

son of his former girlfriend. Ultimately, the Court found that Wable had violated the terms of his supervised release, and imposed a sentence of twenty-four months of imprisonment, with credit for time served since September 25, 2020, and with no supervised release to follow.

Wable now moves the Court to reduce his sentence by aggregating the time he served on his first revocation sentence with the time he spent in custody until his supervised release was revoked for a second time on December 11, 2020. The Government opposes Wable's motion, contending his argument is unsupported by any legal authority. It also asserts that Wable has already been credited once for his time spent in custody awaiting adjudication on the first 12C petition because the Court sentenced him to a time-served term of imprisonment for those violations.

"A district court has broad, though not unlimited, discretion in fashioning a sentence upon revocation of a defendant's term of supervised release." United States v. Slappy, 872 F.3d 202, 207 (4th Cir. 2017). "In fashioning an appropriate sentence, 'the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator.'" United States v. Hale, 793 Fed. App. 204 (4th Cir. 2020) (quoting

3

**USA V. WABLE**                                                                 **1:06CR67-1**

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S
PRO SE MOTION FOR REDUCTION IN SENTENCE [DKT. NO. 337]**

U.S. Sentencing Guidelines Manual, ch. 7, pt. A(3)(b)).

18 U.S.C. § 3583(e)(3) provides that, "on any such revocation," a district court may impose a revocation sentence of up to twenty-four months of imprisonment if the offense underlying the term of supervised release was a Class C felony. "Before 2003, the relevant portion of 18 U.S.C. § 3583(e)(3) did not include the phrase, 'on any such revocation,' and courts generally aggregated all post-revocation imprisonment." United States v. Harris, 878 F.3d 111, 119 (4th Cir. 2017). Now, however, courts are permitted to "'start anew with the statutory maximum' term of imprisonment on each revocation 'without aggregating any post-revocation imprisonment.'" United States v. Thompson, 2020 WL 6742926 at *1 (4th Cir. Nov. 17, 2020) (quoting Harris, 878 F.3d at 119).

In Wable's case, the Court imposed a sentence of twenty-four months of imprisonment for violating the terms of his supervised release, which is the maximum term of imprisonment that may be imposed. See 18 U.S.C. § 3583(e)(3). Wable's argument, that he should be credited for the seven-and-one-half months he spent in custody awaiting revocation proceedings from November 1, 2019, to April 17, 2020, and from September 25, 2020, to December 11, 2020,[1]

---

[1] Despite this assertion, prior to December 11, 2020, Wable had only been in federal custody for a total of five months and twenty-four

4

**USA v. WABLE**                                                                 **1:06CR67**

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S
PRO SE MOTION FOR REDUCTION IN SENTENCE [DKT. NO. 337]**

is without merit. As to each revocation of supervised release, the Court may start anew with the statutory maximum term of imprisonment without aggregating any other period of post-revocation imprisonment. Wable, therefore, is not entitled to a reduction of his second term of imprisonment based on the time he served on his first revocation sentence. Accordingly, the Court **DENIES** his motion for a reduction in sentence.

It is so **ORDERED.**

The Court directs the Clerk to transmit copies of this Order to Wable, by certified mail, return receipt requested; and to counsel of record and all appropriate agencies by electronic means.
DATED: January 8, 2021

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE

---

days. That includes three months and eight days served prior to final adjudication on the first 12C petition, and two months and sixteen days served prior to final adjudication on the second 12C petition. Nevertheless, as discussed above, Wable's request for additional credit for time served fails.